**UNITED STATES DISTRICT COURT**
**DISTRICT OF PUERTO RICO**

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, **Luis Polo,** being duly sworn, do hereby depose and state the following:

1.      I am a Border Patrol Agent with the United States Border Patrol and have been so employed since March 27, 2006.  As a Border Patrol Agent, I have gained experience in conducting investigations related to the illegal entry of aliens into United States.  I attended the Federal Law Enforcement Training Center at Artesia, New Mexico, where I received training for the purpose of accomplishing my Border Patrol duties, which includes training in immigration related law and matters.  Furthermore, I also receive training on a continuing basis for the purpose of maintaining my proficiency pertaining to Border Patrol work.

2.      Investigation reveals that, on Saturday, October 26, 2024, **Junior BERNADIN; Israel DAVID-RAMIREZ; Diovin Yovani FROMETA-CABRERA & Jose Luis DE LOS SANTOS-POLANCO** failed to heave while attempting to illegally enter or to re-enter the United States at or near Mona Island, Puerto Rico.  Therefore, this Affidavit is made in support of a Criminal Complaint against **BERNADIN; DAVID-RAMIREZ & FROMETA-CABRERA** based on violation of **Title 18** *United States Code*, **Section 2237** – Failure to Heave & **Title 8,** *United States Code*, **Section 1325 (a),** attempted to enter the United States.  In the case of **DE LOS SANTOS-POLANCO** also based on violation of **Title 18** *United States Code*, **Section 2237** – Failure to Heave & **Title 8,** *United States Code*, **Section 1326 (a),** attempted to re-enter the United States after being removed.

3.      I make this affidavit based on my own personal knowledge and on oral and written reports by other federal, state, and/or local law enforcement agents and officers that

1

investigated this matter. This affidavit does not contain all the information derived from this investigation only that which is sufficient to demonstrate probable cause to believe that a crime has been committed.

## PROBABLE CAUSE

4.      On or about Saturday, October 26, 2024, at approximately 04:25p.m., United States Coast Guard Cutter (USCGC) Paul Clark detected yawl type smuggling vessel at approximately fifteen (15) nautical miles south of Mona, Puerto Rico.

5.      At approximately 05:59p.m., USCGC launched a small boat (CGC Paul Clark in CG26270) in order to attempt to intercept the detected yawl type smuggling vessel.

6.      At approximately 06:15p.m., the small boat (CG26270) started a pursuit on the detected yawl type smuggling vessel.

7.      The vessel appeared to be a handmade wooden boat with no markings, name, flag or registration numbers.

8.      There were approximately 25 to 30 migrants onboard.

9.      The USCGC small boat (CG26270) boarding crew started giving verbal commands in Spanish & English, using the loud hailer, for the yawl type smuggling vessel to stop but they failed to heave and continued their venture.

10.     USCGC small boat (CG26270) boarding crew went alongside and observed no elderly men or women nor any children onboard, and approximately 05 females onboard and males between the ages of 20 to 40 years old.

11.     The operator of the vessel, who was wearing a hat, hoodie, and facial mask, made no attempt to stop the vessel and proceeded on trying to evade the small boat by operating the vessel erratically, continuing a course heading for US territory.

2

12.    After around 1 hour of pursuit, a Statement of No Objection (SNO) was obtained for level 2 and 3 because the vessel was <u>non-compliant.</u>

13.    The <u>non-compliant</u> vessel failed to heave after being given commands to stop by the USCGC boarding crew personnel.

14.    USCGC boarding crew had to shoot Pepperball Projectile Delivery System (PPDS) at the boat operator, and they still failed to comply. However, the operator moved, the fuel lines were exposed, and the boarding crew severed the fuel lines and the vessel stopped.  The PPDS seemed to be effective as it prevented the operator from using the engines for a moment.  The operator tried to take control over the engines again and PPDS was fired on the operator until the passengers onboard moved women be used as a shield.

15.    **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** were positively identified by the USCGC boarding crew as the masters and/or operators of the non-compliant vessel while failing to heave, taking turns among each other when affected by the PPDS deployment from the USCGC boarding crew.

16.    Upon interception, a total of twenty-seven (27) individuals were found on board.

17.    All subjects, including **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** were safely transferred to USCGC, for safety of lives at sea (SOLAS).

18.    Upon getting transferred to the USCGC, **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** claimed to be undocumented migrants from the Dominican Republic & Haiti.

19.    At the USCG Cutter all subjects', including **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** fingerprints were entered into the biometrics system.

20.     Biometric checks revealed that **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA** do not possess any prior immigration and/or criminal history.

21.     However, biometric checks revealed that **DE LOS SANTOS-POLANCO** does possess prior immigration history.

22.     As to **DE LOS SANTOS-POLANCO's** immigration history:

a.     On November 04, 2022, **DE LOS SANTOS-POLANCO** was encountered at sea by the Puerto Rico Police Department (PRPD). **DE LOS SANTOS-POLANCO** was referred to Border Patrol for immigration check. A Removal Order was issued against **DE LOS SANTOS- POLANCO.**

b.     On November 04, 2022, **DE LOS SANTOS-POLANCO** officially & physically removed from the United States to the Dominican Republic from the Port of San Juan, Puerto Rico.

c.     On March 07, 2023, **DE LOS SANTOS-POLANCO** was encountered & arrested by Border Patrol after having arrived by boat at or near "Martinica Beach" in Aguadilla, Puerto Rico.

d.     **DE LOS SANTOS-POLANCO** was later identified as being the boat captain of the vessel that had arrived. At the time case was consulted with the AUSA Office for criminal charges for prosecutions which was declined.

e.     On March 13, 2023, **DE LOS SANTOS-POLANCO** was removed from the United States to the Dominican Republic from the Port of San Juan, Puerto Rico for a second time.

23. On Monday, October 28, 2024, at approximately 01:00p.m., **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** were transported by U.S. Coast Guard to "Rompeolas Beach" Aguadilla, Puerto Rico, where Border Patrol Agents were dispatched to assume custody.

24. BPAs questioned **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** as to their citizenship & legal status in the United States. **BERNADIN** freely admitted being a national & citizen of Haiti attempting to illegally enter to the United States.

25. **DAVID-RAMIREZ & FROMETA-CABRERA** freely admitted being nationals & citizens of the Dominican Republic attempting to illegally enter the United States.

26. **DE LOS SANTOS-POLANCO** freely admitted being national & citizen of the Dominican Republic attempting to illegally re-enter the United States after having been previously removed.

27. **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** were then arrested and transported to U.S. Border Patrol Ramey Station in Aguadilla, Puerto Rico for further investigation, processing & removal proceedings.

28. Once at Ramey Station **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO's** photograph & fingerprints were taken & entered into different law enforcement database systems. Record checks confirmed & corroborated information provided by the U.S. Coast Guard.

29. Border Patrol Agents advised **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** of their right to speak with the Consul of their native country, the Dominican Republic & Haiti.

30. **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA** failed to heave to USCGC commands to stop & attempted to enter the United States at a place other than a designated Port of Entry.

31. **DE LOS SANTOS-POLANCO** failed to heave to USCGC commands to stop the vessel & attempted to re-enter the United States at a place other than a designated Port of Entry.

32. **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** do not have any immigration documents allowing them to enter, re-enter and/or remain in the United States legally, to include but not limited, the lack of express consent from the Attorney General of the United States, or his successor, the Secretary of the Department of Homeland Security, to reapply for admission into the United States. Furthermore, **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** were not inspected, admitted or paroled into the United States by an Officer of the Bureau of Customs and Border Protection.

33. **BERNADIN; DAVID-RAMIREZ; FROMETA-CABRERA & DE LOS SANTOS-POLANCO** do not have any petitions pending on their behalf with the Bureau of Citizenship and Immigration Services.

**SPACE LEFT INTENTIONALLY BLANK**

34.    Based upon my training, experience, and participation in other investigations, and based on the facts revealed in this investigation, I believe that sufficient probable cause exists to demonstrate the commission of a violation of federal law by the above-mentioned subject, to wit, a violation of Title 18 *United States Code,* Section 2237 (as to all Defendants) &_Title 8, *United States Code,* Section 1325 (a)(as to Defendants 1, 2, and 3) & Title 8 *United States Code,* Section 1326 (a) (as to Defendant 4).

Luis Polo
Border Patrol Agent

    Sworn before me pursuant to FRCP 4.1 at 7:32 PM by telephone, this 29th day of October 2024.

Honorable Marcos E. López
UNITED STATES MAGISTRATE JUDGE
DISTRICT OF PUERTO RICO

7